E-FILED
Tuesday, 06 September, 2022  12:48:16 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MELANIE NULL, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:22-cv-03173 |
| | ) | |
| v. | ) | |
| | ) | |
| GRAPHIC PACKAGING | ) | |
| INTERNATIONAL, LLC. | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

---

## COMPLAINT

Plaintiff, Melanie Null ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Graphic Packaging International, LLC. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and also terminating Plaintiff's employment based on her disability and in retaliation for Plaintiff attempting to assert her rights under the ADA when she reported harassment and discrimination on the basis of her disability.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.  This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.    Venue of this action properly lies in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5.     A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.     At all times material to the allegations of this Complaint, Plaintiff, Melanie Null, resides in Shelby County in the State of Illinois.

8.     At all times material to the allegations in this Complaint, Defendant, Graphic Packaging International, LLC is a corporation doing business in and for Shelby County whose address is 500 Dacey Drive Shelbyville, IL 62565.

9.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11.     Plaintiff was hired by Defendant as a Blanker on or around July 23, 2015.

12.    In or around October, 2020, Plaintiff was promoted to a Warehouse Supervisor.

13.    Plaintiff is "qualified individual" as defined under the ADA.

14.    From the beginning to the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon her disabilities.

15.    Ultimately, Plaintiff's hours were drastically cut.

16.    Since March 1, 2021 through March 11, 2022, Defendant subjected Plaintiff to different terms and conditions of employment that others not within Plaintiff's protective class because of her disability.

17.    Plaintiff was subjected to discrimination and a hostile work environment on the basis of her disability.

18.    On or about March 1, 2021, Supervisor John Logue started aggressively yelling at Plaintiff, "Do your fucking job, god damn it!" "Learn your fucking job, because if you can't I'll get someone else to do your fucking job!"  Plaintiff reported John Logue's actions to Supervisor Donnie.

19.    On or about June 5, 2021, Supervisor John Logue said to me, "My nuts are in a sling because if you don't do your fucking job when corporate comes down on me you will lose your fucking job!" I reported John Logue's actions to Supervisor Nicole Thompson.

20.    Plaintiff has a physical impairment that substantially limits one or more of her major life activities.

21.    Plaintiff spoke to HR about her disability requested accommodations and medical leave.

22.    After speaking to HR for the request for accommodations; Plaintiff's requests were disclosed to fellow co-workers and staff, to Plaintiff's humiliation.

23.    In fact, after disclosing the need for the accommodation, John Logue started to berate Plaintiff and yelling at her for needing surgery.

24.    Defendant through their supervisor yelled, "Change your fucking medical leave, because if shit gets bad while you're out you're getting fired!"

25.    This violent outburst caused Plaintiff to become very upset that the supervisors were talking about her disability and making her feel inadequate.

26.    Plaintiff, again, reported this activity to Supervisor Nicole Thompson.

27.    Plaintiff took medical leave due to her disability on or about November 29, 2021.

28.    Plaintiff was distraught and nervous that she would not have a job going into surgery.

29.    On or about February 14, 2022, after having returned back to work from Plaintiff's leave, Supervisor John Logue started yelling at Plaintiff saying, "You did not do your fucking job and now I need to find someone that can do your fucking job!"

30.    Plaintiff received a call from Lisa from HR on or about March 10, 2022, to advise Plaintiff that her surgery leave was not approved.

31.    Prior to Plaintiff's medical leave, she ensured that Defendant was informed and that everything was pre-approved before the medical leave.

32.    Defendant's HR representative Lisa stated that the approval was an oversight, and terminated Plaintiff on or about March 11, 2022.

33.    As a direct result of the Defendant's actions, Plaintiff on or about March 23, 2022, was hospitalized with marginal ulcers due to the constant stress and anxiety that was caused by John Logue and Defendant.

34.    Plaintiff advised Defendant that she was on medical leave due to her disability, but

4

was okay to continue working.

35.     Defendant's hours were cut for having a disability and then she was ultimately terminated.

36.     Regardless of her disability, Plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation, however, Defendant did not engage in an interactive process to determine the appropriate accommodation under the circumstances.

37.     The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

### COUNT I
**Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.***
**Disability-Based Harassment**

38.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of her disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

40.     Defendant knew or should have known of the harassment.

41.     The disability harassment was severe or pervasive.

42.     The disability harassment was offensive subjectively and objectively.

43.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to their disability.

44.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has

suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violations of the Americans with Disabilities Act ("ADA")
### Disability Discrimination

45.    Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

46.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

47.    Defendant cut the Plaintiff's hours of employment and ultimately terminated her on the basis of her disability.

48.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49.    Plaintiff is a member of a protected class under the ADA, due to her disability.

50.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

51.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of their employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of 42 U.S.C. § 12101, *et seq.*
### Retaliation

52.    Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

53.    Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

54. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

55. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

56. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

57. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

58. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

59. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

7

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

f.      Reasonable attorneys' fees and costs;

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of September, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**CHAD EISENBACK, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*